UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08-cr-00009-TWP-VTW |
| | ) | |
| JERRY DALE ADAMS, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On February 4, 2020, the Court held an Initial Appearance on a Warrant for Violation of Supervised Release. Defendant Adams appeared in person with his appointed counsel Ron Freson. The government appeared by Todd Shellenbarger, Assistant United States Attorney. The United States Probation and Parole Office appeared by Officer Katrina Sanders.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Adams of his rights and provided him with a copy of the petition. Defendant Adams waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Adams admitted violations 1 and 2, ([Docket No. 68](Docket No. 68)). In support of sentencing arguments, the Defendant was called as a witness. The government called US Probation Officer Katrina Sanders as a witness.

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | "You shall not have unsupervised meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court. You shall not have supervised meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer. Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision." <br><br> On January 29, 2020, the offender admitted to having phone regular contact with his 16 year old granddaughter for approximately six weeks. The contact was not approved by the Court or the U.S. Probation Officer. |
| 2 | "You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege." <br><br> On January 29, 2020, the offender lied to the U.S. Probation Officer when questioned about the contact numbers in his cell phone. |

    4.    The parties stipulated that:

        (a)    The highest grade of violation is a Grade C violation.

        (b)    Defendant's criminal history category is I.

        (c)    The advisory range of imprisonment applicable upon revocation of supervised release, therefore, is 3-9 months' imprisonment.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he be sentenced to custody of the Attorney General or his designee for a period of seven (7) months with continued supervision to follow. Upon release, the defendant should be placed in the Volunteers of America for a term of twelve (12) months.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated: February 5, 2020

Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal